IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph C. Sun, ) | |
| ) | Civil Action No.2:12-cv-3582-RMG-BHH |
| Appellant, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Eric Jonathan Erickson, ) | |
| ) | |
| Appellee. ) | |

This matter is before the court upon Appellant Joseph C. Sun's ("Appellant," "Sun," or "Creditor") appeal of the final Orders entered by the United States Bankruptcy Court for the District of South Carolina on July 20, 2012, and August 14, 2012. (See Dkt. No. 29 at 1 of 5; see also Dkt. No. 20-4; Dkt. No. 20-8.) Appellee Eric Erickson ("Appellee," "Erickson," or "Debtor") timely responded to this Appeal.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

## BACKGROUND

Erickson filed for chapter 13 bankruptcy protection on November 9, 2011, and his case was converted to one under chapter 7 on January 17, 2012. (Dkt. No. 3-1; Dkt. No. 9-2.) The meeting of the creditors was originally scheduled for February 29, 2012, but was later continued to March 28, 2012. (Dkt. No. 10-4; Dkt. No. 14-6.) The meeting was subsequently continued to April 24, 2012, when the meeting concluded. (Dkt. No. 16-6.) On May 22, 2012, Erickson received a discharge. (Dkt. No. 19-3.)

On June 4, 2012, Appellant filed a document entitled "Adversary Proceeding," wherein he contended that he paid Erickson $10,500.00 for legal work that Erickson failed to perform. (Dkt. No. 19-6.) Sun stated that Erickson "should return the entire $10,500.00

to Creditor Sun" and that Erickson's debt to Sun should not be discharged because Erickson defrauded him. (Dkt. No. 19-6.) On June 7, 2012, Appellant filed a document entitled "Motion to Reopen." (Dkt. No. 19-7.) In his motion, Appellant asserted the bankruptcy case should be reopened and that Appellant "be allowed to proceed in his Adversary Proceeding against the Debtor." (Dkt. No. 19-7 at 1.) Appellant stated that "[o]n or about April 30, 2012, Creditor received for the first time a notice dated March 28, 2012 of the continuance of the creditor's meeting to the new date of April 24, 2012 on Debtor Eric Erickson's bankruptcy filing." (Id.) Sun contended that he could not attend the April 24 meeting because he did not receive notice until six days after the meeting, on April 30, 2012. (Id.) Appellant stated, "The notice was sent by Debtor Eric Erickson addressed to Creditor Sun's old invalid address at P.O. Box 2544, Bluffton, SC 29910." (Id.)

The Bankruptcy Court held hearings on Mr. Sun's filings on July 17, 2012. In an Order filed July 19, 2012, the Bankruptcy Court denied Sun's Motion to Reopen, ruling that his adversary proceeding "cannot be commenced because his adversary complaint was not timely filed." (Dkt. No. 20-4 at 5 of 6.) On August 6, 2012, Sun filed a Motion to Reconsider; the Bankruptcy Court denied that motion in an Order filed August 13, 2012. (Dkt. No. 20-8.) In the instant proceeding, Sun appeals the orders filed July 19, 2012, and August 13, 2012.

## APPLICABLE LAW

Under 28 U.S.C. § 158(a), United States District Courts have jurisdiction to hear appeals of final judgments, orders, and decrees of Bankruptcy Courts. On appeal from the Bankruptcy Court, the district court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error, while it reviews the conclusions of law *de novo*. Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enters., Inc.), 400 F.3d 219, 224 (4th Cir. 2005); Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch), 258 F.3d 315, 319 (4th Cir. 2001). The District Court may affirm, modify, or reverse a Bankruptcy Judge's order, or

remand with instructions for further proceedings. See Rule 8013, Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.").

## **DISCUSSION**

Sun appeals two of the Bankruptcy Court's orders. Before addressing Appellant's arguments, the undersigned will provide an overview of the at-issue orders.

**1. Order Filed July 19, 2012**

In the Order filed July 19, 2012, Judge Duncan denied Sun's Motion to Reopen and struck Sun's attempt to initiate an adversary proceeding. (Dkt. No. 20-4.) Judge Duncan noted that the deadline for filing objections to the Debtor's discharge or the discharge of a particular debt was April 30, 2012. (Dkt. No. 20-4 at 1 of 6.) No objections were received by that date, and the Debtor received a discharge on May 22, 2012. (Id.) The Order filed July 19, 2012, states, *inter alia*,

> Mr. Sun was not listed in Debtor's original Schedules. Debtor filed an amendment to his Schedules on March 26, 2012, adding Mr. Sun as a creditor. The certificate of service attached to the amendment, dated March 21, 2012, indicates that Debtor served Mr. Sun with the amendment and with a Notice of the March 28 meeting of creditors.
>
> Hearings were held on Mr. Sun's pleadings on July 17, 2012. Both Debtor and Mr. Sun appeared at the hearing. At the hearing, Mr. Sun told the Court that he first became aware of Debtor's bankruptcy on April 30, 2012, when he received a notice of the continuance of the meeting of creditors dated March 21, 2012. Mr. Sun initially claimed that he did not receive documents relating to Debtor's bankruptcy case because they were sent to a post office box which he closed in March 2012. After further questioning, Mr. Sun stated that the post office box was closed in early April 2012. In response, Debtor introduced documents subpoenaed from the Bluffton Post Office showing that Mr. Sun's post office box actually was not closed until May 25, 2012. Based on this information, the Court denied Mr. Sun's Motion to Reopen and struck Mr. Sun's attempt to initiate an adversary proceeding.

(Dkt. No. 20-4 at 2.)

The Bankruptcy Court noted that, because Sun requested a determination of nondischargeability based on fraud and embezzlement, the request was "clearly within the

3

scope of section 532(a)(2) and (a)(4). (Dkt. No. 20-4 at 3.) Because Sun's complaint was not filed within sixty days of February 29, 2012, the Bankruptcy Court concluded that "his complaint was not timely filed and cannot be considered as a complaint under section 523(a)(2) and (a)(4)." (Dkt. No. 20-4 at 4.) Judge Duncan examined the exception to the deadline for bringing a nondischargeability complaint set forth in Section 523(a)(3)(B) but concluded the exception was inapplicable. (Dkt. No. 20-4 at 4-5.) In so doing, Judge Duncan stated,

> Mr. Sun represented to the Court that he did not receive notice of Debtor's bankruptcy case and was therefore unaware of the bankruptcy and could not file a timely objection to the dischargeability of his debt. However, evidence presented at the hearings on Mr. Sun's pleadings established that the documents filed in Debtor's bankruptcy case were served on Mr. Sun at his post office box, which was a valid address until May 25, 2012. Thus, Mr. Sun was properly served. The last day to object to Debtor's discharge or the dischargeability of a particular debt was April 30, 2012, but Mr. Sun failed to file any pleadings with the Court relating to Debtor's discharge until June 4. Mr. Sun had notice of Debtor's bankruptcy case in time to file an adversary complaint. Section 523(a)(3)(B) is not applicable here.

(Dkt. No. 20-4 at 4-5.) Because Judge Duncan concluded that Sun's adversary proceeding could not be commenced, the Bankruptcy Court declined to reopen the Debtor's bankruptcy case. (Id. at 5.)

**2. Order Filed August 13, 2012**

In an Order filed August 13, 2012, the Bankruptcy Court denied Sun's Motion to Reconsider. (Dkt. No. 20-8.) The order noted that Sun "now maintains that he did not receive notice of the Debtor's continued meeting of creditors until April 30, 2012 and that he was not aware of Debtor's bankruptcy until that date." (Dkt. No. 20-8 at 2.) The order states, *inter alia*,

> He states that he mistakenly told the Court that his post office box was closed in March 2012. He states that although the post office box was not actually closed until April 2012, the post office box was not his official mailing address. Mr. Sun states that he did not have access to the post office box

4

> after April 2012, but on May 24, 2012, he paid the late fee on the box, believing if he did so he could get his mail, but after doing so he found out that his mail had all been returned to senders. Mr. Sun states there was no possibility that he could have had knowledge of the deadline for objecting to Debtor's discharge because he was not added as a creditor until March 2012, and the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines, which set the date for objecting to discharge, was sent out on January 20, 2012; therefore, it was not sent to Mr. Sun. Mr. Sun claims that no other notices or deadlines were sent out after he was added as a creditor, and therefore he had no way of knowing of the objection deadline.

(Dkt. No. 20-8 at 2-3.)

The Bankruptcy Court construed the motion as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 20-8 at 3.) Judge Duncan concluded that Sun could not make the threshold showing required for relief under Rule 60(b):

> He has not shown a meritorious defense, as he has presented no arguments different from those he presented in his previous pleadings filed with the Court and at the hearing. Additionally, Mr. Sun has presented no circumstances which would qualify as exceptional. Finally, it also appears that at least some prejudice to Debtor will result, as he received his chapter 7 discharge on May 22, 2012, over two months ago, and allowing Mr. Sun to continue to proceed against Debtor interferes with Debtor's fresh start.

(Dkt. No. 20-8 at 4.) Even assuming that Sun made the threshold showing, Judge Duncan concluded that relief was not appropriate. The Bankruptcy Court stated,

> Despite Mr. Sun's contention that the post office box was not his official mailing address and that he did not receive mail there, the post office box was open and was a valid address for Mr. Sun until May 25, 2012, after the deadline for objections to discharge expired, and in fact, after Debtor received his discharge.
> Mr. Erickson added Mr. Sun as a creditor on March 26, 2012. The amendment to the schedule reflects that a copy of the amendment was mailed to Mr. Sun by Mr. Erickson. There is a presumption that the document was received. *See* Fed. R. Civ. P. 5(b)(2)(C); *United States v. Wright*, 2000 U.S. App. LEXIS 33122, at *10 (4th Cir. Dec. 18, 2000); *Hampton v. United States Postal Service*, 789 F.2d 916, 1986 U.S. App. LEXIS 18986, at *7, n.4 (4th Cir. 1986). No evidence was introduced to rebut this presumption. The only evidence is that Mr. Sun had a post office box, that the amended schedule, which put Mr. Sun on constructive notice of the bankruptcy case, was mailed to the post office box, and that Mr. Sun claims that he did not

5

>check his post office box for mail. Mr. Sun's failure to collect his mail from the post office box does not insulate him from service of the amended schedule.

(Dkt. No. 20-8 at 4-5.) Judge Duncan therefore denied the Motion to Reconsider. (Dkt. No. 20-8.)

**3. The Appeal**

Sun raises three issues in his appeal. (See Dkt. No. 29.) The undersigned will address those arguments in turn. Sun first argues that "[i]t is a denial of Creditor's right to due process of the law in holding him to a deadline as set in a Notice issued by the Bankruptcy Court when he has never been served a copy of the Notice therefore it was impossible for him to have knowledge of the deadline date." (Dkt. No. 29 at 1.) In an argument that appears to be slightly different from the argument presented in the Bankruptcy Court, Sun contends that he did not have notice of the Deadline to Object. (Dkt. No. 29 at 4 of 5.) Essentially, Sun argues that the "Deadline to Object was already sent by the court on January 20, 2012, before Sun was added as a Creditor, and there was no record showing there was any subsequent Notice of Deadline sent to Appellant Sun by the court." (Id.) Sun asserts that because he was added as a creditor on March 26, 2012, *after* the "Notice of Deadline" was mailed, he simply had no notice of any deadline to object. (Id.)

To the extent Appellant made this argument before the Bankruptcy Court, it appears the argument was made in his Motion to Reconsider. (See Dkt. No. 20-8 at 3.) The argument is without merit. "Section 523 and Bankruptcy Rule 4007(c) govern the timing for filing complaints to determine the nondischargeability of bankruptcy debts." Shaheen v. Penrose (In re Shaheen), 174 B.R. 424, 426 (E.D. Va. 1994); see also 11 U.S.C. § 523. To implement section 523, Rule 4007(c) provides:

>[A] complaint to determine the dischargeability of any debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30

6

> days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for good cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c).

Clearly Sun's filing–on June 4, 2012, was filed "later than 60 days after the first date set for the meeting of creditors," as that sixty-day period expired on April 30, 2012. (See Dkt. No. 19-6; see also Dkt. No. 20-8.) Of course, as Sun notes, he was not added as a creditor until March 26, 2012. However, even giving Sun the thirty days provided for in the second sentence of Rule 4007(c), his filing was late, as thirty days from March 26, 2012, was April 25, 2012.

Sun's argument that he did not receive notice of the deadline to object does not change the outcome in this case. As noted in In re Tucker, 235 B.R. 575 (Bankr. M.D.N.C. 1998), "[w]here a creditor has not received formal notice of the bankruptcy filing and the deadline for filing dischargeability complaints, but does gain actual knowledge of the bankruptcy case in time to file a dischargeability complaint, the prevailing rule is that such creditor is bound by the deadline contained in Rule 4007(c)." Tucker, 235 B.R. at 578-79; see also Byrd v. Alton (In re Alton), 837 F.2d 457, 460-61 (11th Cir. 1988) ("We conclude that there was no due process violation. At a time when he could have protected himself, creditor Byrd received actual written notice of the bankruptcy proceeding, a notice adequate to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." (citation and internal quotation marks omitted).) Regardless of whether the notice sent to Sun on March 26, 2012, contained information about the deadline to object, that notice was certainly sufficient to put him on notice of Erickson's bankruptcy proceeding. And, for the reasons discussed below, the fact that Sun contends he did not actually receive the mail at his Post Office box does not render service invalid.

Sun's second argument on appeal is that the Bankruptcy Court erred in denying his "motion to reopen the bankruptcy case and striking his attempt to initiate an adversary proceeding." (Dkt. No. 29 at 1.) As the Bankruptcy Court noted in its Order filed July 19, 2012, the Bankruptcy Court has discretion to determine whether or not a case should be reopened. See Hawkins v. Landmark Finance Co., 727 F.2d 324, 326 (4th Cir. 1984). The Bankruptcy Court did not abuse its discretion in the case *sub judice*. The Bankruptcy Court found, after a hearing, that Sun's Bluffton post office box was not closed until May 25, 2012. (Dkt. No. 20-4.) That finding of fact is not clearly erroneous, as Erickson produced documents subpoenaed from the Bluffton Post Office showing the date Sun's box was closed as May 25, 2012. (Dkt. No. 20-4 at 2.) The fact that Sun did not check his post office box does not mean Sun was improperly served. As the Bankruptcy Court determined, the last date for Sun to object to Erickson's discharge was April 30, 2012. (Dkt. No. 20-4.)[1] Because Sun's adversary proceeding was untimely, the Bankruptcy Court's failure to reopen the case was not reversible error.

Sun's final contention on appeal is that the Bankruptcy Court erred in denying his Motion for Reconsideration. (See Dkt. No. 29 at 1.) He states,

> Appellant filed a motion for reconsideration (Doc 177) attaching documents to show that his post office box was only reopened at the end of May 2012 (as Appellee had shown at the hearing) after it was closed for non-payment of fee in April. Appellant also showed with attached exhibits in his motion that regardless of the opening or closing of his post office box, according to court record, he was not sent a copy of the "Notice of Chapter 7 Bankruptcy, Meeting of Creditors and Deadlines" entered on January 20, 2012 because Appellee did not attempt to add Sun as a creditor until he wrote the Bankruptcy Court a letter on March 21, 2012 which copy was attached as an exhibit in his motion (Doc 177).

---

[1] The undersigned further notes that, while Sun indicates he had knowledge of the bankruptcy proceeding by April 30, 2012, (Dkt. No. 29 at 2), Sun did not seek to begin his adversary proceeding until June 4, 2012.

8

(Dkt. No. 29 at 3-4.)

On appeal from the Bankruptcy Court, this Court acts as an appellate court and applies an abuse of discretion standard in reviewing a denial of a Rule 60(b) motion. See Nat'l Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir.1995). The undersigned previously addressed Sun's argument that he did not have notice of the deadline to object because he was not added as a creditor until after the January 20, 2012 notice was sent. For the reasons set forth above, this argument fails. Sun also argues, however, that his Motion for Reconsideration should have been granted because he provided documents showing "that his post office box was only reopened at the end of May 2012 (as Appellee had shown at the hearing) after it was closed for non-payment of fee in April." (Dkt. No. 29 at 3.) Of course, Sun's contention that the box was closed in April would not negate service that occurred prior to that, in March.

Sun does not explain how the Bankruptcy Court abused its discretion, nor it is evident to the undersigned. The Bankruptcy Court explained that, in order to be entitled to relief under Rule 60(b), the movant must first make a threshold showing of timeliness, a meritorious defense, lack of unfair prejudice to the opposing party, and exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 207 (4th Cir.1984). Once the movant has fulfilled this requirement, it must then satisfy at least one of the Rule's six listed grounds for relief. Id.; see also Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993).

The Bankruptcy Court concluded that Sun failed to make the threshold showing, as "he presented no argument different from those he presented in his previous pleadings filed with the court and at the hearing," he "presented no circumstances which would qualify as exceptional," and allowing Sun to proceed against Erickson would result in "at least some prejudice" to Erickson, as Erickson "received his chapter 7 discharge on May 22, 2012, over

9

two months ago." (Dkt. No. 20-8 at 4.) The Bankruptcy Court also concluded that Sun "has not shown he is entitled to relief under any of the subsections of Rule 60(b)." (Id.) The Bankruptcy Court did not abuse its discretion in this analysis. Accordingly, the undersigned recommends that the at-issue orders of the Bankruptcy Court be affirmed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Court order that the Bankruptcy Court's Orders filed July 19, 2012, and August 13, 2012, be AFFIRMED.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

May 30, 2013
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).