IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joseph C. Sun,                              )  | |
|                                 ) | 2:12-cv-3582-RMG |
|         Appellant,           ) | |
| v.                                                 ) | ORDER |
| Eric Jonathan Erickson,           ) | |
|         Appellee.             ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court affirm the final orders entered by the United States Bankruptcy Court for the District of South Carolina on July 20, 2012, and August 14, 2012. (Dkt. No. 36). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

The Bankruptcy Court entered an order denying Appellant Joseph C. Sun's ("Sun") motion to reopen Appellee Eric Jonathan Erickson's ("Erickson") bankruptcy proceedings on July 20, 2012, finding Sun's adversary complaint was not timely filed. (Dkt. No. 20-4). On August 6, 2012, Sun filed a motion to reconsider and the Bankruptcy Court denied this motion on August 14, 2012. (Dkt. No. 20-8). Sun then filed a notice of appeal regarding these two orders. (Dkt. No. 1). Because Sun is proceeding pro se, this appeal was automatically referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC. Sun filed a brief in support of his appeal (Dkt. No. 29), Erickson filed a brief in response (Dkt. No. 30), and Sun filed a reply (Dkt. No. 34). The Magistrate Judge then

1

issued an R&R recommending the Court affirm the orders of the Bankruptcy Court. (Dkt. No. 36). Sun then filed timely objections to the R&R. (Dkt. No. 40).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

On appeal from the Bankruptcy Court, the district court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error, while it reviews the conclusions of law de novo. *Devan v. Phoenix Am. Life Ins. Co. (In re Merry–Go–Round Enters., Inc.)*, 400 F.3d 219, 224 (4th Cir. 2005); *Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001). The district court may affirm, modify, or reverse a Bankruptcy Judge's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

## Discussion

After review of the record, the R&R, and Sun's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. Sun objects to the R&R by arguing that he never received a notice of the deadline to object to Erickson's discharge as required by Rule 4004 of the Federal Rules of Bankruptcy Procedure. (Dkt. No. 40 at 2). However, the Bankruptcy Court found, after a hearing, that the documents filed in Erickson's bankruptcy case were served on Sun at his then-

current address on March 21, 2012. (Dkt. Nos. 16-2; 20-4 at 2, 4). The deadline for filing objections was April 30, 2012. (Dkt. No. 20-4 at 1). Thus, Sun was on notice of the bankruptcy proceedings against Erickson approximately one month prior to the objection deadline. Further, Sun acknowledges he received actual notice of the bankruptcy on April 30, 2012. (Dkt. No. 29 at 2). Even if a formal notice of the deadline was not provided, Sun was required to inform himself as to such deadlines upon notice of the bankruptcy. *See In re Tucker*, 235 B.R. 575, 578-79 (M.D.N.C. 1998). In conclusion, the Court agrees with the Magistrate Judge that Sun has failed to establish clear error in the factual findings of the Bankruptcy Judge or a flaw in his application of the law.

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 36). Accordingly, the Court AFFIRMS the final orders entered by the United States Bankruptcy Court for the District of South Carolina on July 20, 2012, and August 14, 2012.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

June 17, 2013
Charleston, South Carolina

3